IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00367 DAE |
|---|---|---|
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| vs. | ) | |
| MARIA D. BARNES, (01)<br>GEORGE CALLENDER, (02)<br>ROBERT CRUZ and (03)<br>SANFORD JACOBSON, (04) | ) | |
| Defendants. | ) | |

## DECLARATION OF COUNSEL

I, ARTHUR E. ROSS, declare as follows:

1. I represent Maria D. Barnes, a defendant in the above-captioned case and make this declaration in support of her motion to compel disclosure of information regarding the three cooperating defendants named in the indictment, all of whom wore wires during the investigation of this matter, and David Espinal, alleged to be an unindicted coconspirator with the four named defendants, who has previously been convicted in California for drug violations and allegedly used the proceeds from these drug activities in buying Spinner's Bar in Waikiki.

5

2.    To date my efforts to gain access to the information that 1) might be useful in impeaching these individuals and other informants who cooperated with the Internal Revenue Service or 2) demonstrate that there has been non-compliance by the government with the technical requirement of the Omnibus Crime Control and Safe Streets Act of 1968, and/or violations of the rules and regulations governing the behavior of cooperating defendants in federal criminal investigations, have been unsuccessful or delayed until the week before trial.

3.    As a result of AUSA Muehleck's claim that there is no documentation of any of these individuals prior activities in his files, the defendant has been hampered in preparing her defense and is unable to confront her accusers as provided for in the Sixth Amendment, leading defendant to question the integrity and soundness of the criminal investigation itself.

4.    In the event that the government may have failed to comply with all the technical requirements of the aforesaid 1968 Act or that a cooperating defendant has violated the cooperating defendant agreement, defendant is entitled to know that and needs to review the court order authorizing the surveillance and use of a wire as well as the supporting affidavits.

5.    Defendant is also entitled to know whether or not the cooperating defendants were presented with and signed a cooperating defendant agreement

outlining the type of cooperation expected and the rules governing their conduct while working for law enforcement. In addition Defendant is also entitled to receive any debriefing report or statement taken from the cooperating defendant or witnesses.

6.     Inasmuch as David Espinal had prior federal convictions in California and allegedly purchased Spinners Bar with "drug" money before being arrested on a drug charge in Hawaii, and has cooperated with law enforcement while awaiting sentence, defendant is entitled to complete disclosure (i.e. transparency) of any past or present plea agreements, including proposed plea agreements and cooperating witness agreements in this or any other criminal investigations. To deprive defendant of this information would impinge upon her Sixth Amendment right to confrontation of her accuser.

7.     In essence the defendant is entitled to complete transparency as to the significant players in this case under Brady and Giglio, including David Espinal, and requests further disclosures of the contents of the files maintained on the cooperating defendants by the IRS or any other law enforcement agency of the federal government.

I declare under penalty of law that the foregoing statements are true and correct to the best of my knowledge.

DATED: Honolulu, Hawaii, February 10, 2006.

/s/ Arthur E. Ross
ARTHUR E. ROSS
Attorney for Defendant
MARIA D. BARNES