ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Chief, Narcotics Section

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 2 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NOS. 05-00367 DAE |
| | ) | 05-00557 DAE |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | |
| | ) | |
| GEORGE CALLENDER, | ) | |
| | ) | |
| | ) | Date: |
| Defendant. | ) | Time: |
| | ) | Judge:  Hon. David A. Ezra |

MEMORANDUM OF PLEA AGREEMENT

        Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
Defendant, GEORGE CALLENDER, and his attorney, Michael J. Park,
have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the Indictment in Cr. No. 05-00367 DAE, with violating Title 18, United States Code, Section 1956 and with violating Title 8, United States Code, Section 1326 in Cr. No. 05-00557 DAE.

2.   Defendant has read the charges against him contained in both Indictments, and those charges have been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.   Defendant will enter a voluntary plea of guilty to Count 2 in Cr. No. 05-00367 DAE charging him with conspiring to conduct monetary transaction affecting interstate commerce which involved the proceeds believed to be derived from the distribution of controlled substances with intent to conceal the source of the proceeds and to the Count of the Indictment in Cr. No. 05-00557 DAE charging illegal re-entry into the United States after being deported.  The prosecution agrees to move to dismiss the remaining counts of Cr. No. 05-00367 DAE as to the defendant after sentencing.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this plea because he is in fact guilty of conspiring to launder monetary transactions as charged

2

in Count 2 of Cr. No. 05-00367 DAE and with illegal re-entering

the United States after being deported as charged in the

Indictment Cr. No. 05-00557 DAE and agrees that these pleas are

voluntary and not the result of force or threats.

7.  Defendant understands that the penalties for the

offense to which he is pleading guilty include:

a.  up to twenty years imprisonment and a fine of

up to $250,000, plus a term of supervised release of up to three

years as to Count 2 of the Indictment in Cr. No. 05-00367 DAE,

and

b.  up to two years of imprisonment and a fine of

up to $250,000 plus a term of supervise release of up to one year

in Cr. No. 05-00557 DAE.

In addition, the Court must impose a $100 special assessment as

to each count to which the Defendant is pleading guilty.

Defendant agrees to pay $100 for each count to which he is

pleading guilty to the District Court's Clerk's Office, to be

credited to said special assessments, before the commencement of

any portion of sentencing.  Defendant acknowledges that failure

to make such full advance payment in a form and manner acceptable

to the prosecution will allow, though not require, the

prosecution to withdraw from this agreement at its option.

8.  Defendant admits the following facts and agrees

that they are not a detailed recitation, but merely an outline of

3

what happened in relation to the charge to which Defendant is pleading guilty:

From on or about February 1, 2003 to on or about May 15, 2003, the defendant was part of the conspiracy to conduct financial transactions affecting interstate commerce with the intent to disguise the nature and source of the monies believed to be the proceeds of unlawful distribution of controlled substances.

On February 10, 2003, the defendant agreed with co-defendant Maria Barnes to launder cash proceeds that were to be provided by a third person that the defendant understood were derived from the distribution of controlled substances. The defendant agreed to exchange the monies provided by the third person for bank counter checks, postal money orders and Western Union money orders. The defendant agreed to launder the third person's drug monies for a fee of eight percent of the monies he would exchange.

On February 12, 2003, the defendant accepted from the third party, $50,000 in United States currency which he believed to be drug proceeds and exchanged the currency for two $5,000 cashier's checks from American Savings Bank, a $9,500 American Savings Bank cashier's check, an $8,000 Bank of Hawaii cashier's check, $9,500 Molokai Federal Credit Union check, seven $1,000 postal money orders and twelve Western Union money orders. The

4

defendant provided the checks and money orders to the third party on February 13th and agreed to launder additional proceeds.  On February 26, 2003, the defendant accepted from the third party another $50,000 in United States currency which the defendant believed came from the sale of controlled substances.  The defendant exchanged $48,000 of the $50,000 for monetary instruments and provided monetary instruments including American Savings Bank cashier's checks, United States postal service money orders and Western Union money orders totalling $48,000 to the third party.  The defendant understands that co-defendant Barnes took the remaining $2,000 in United States currency and exchanged the monies for money orders.

On May 14, 2003, the defendant accepted from the third party another $50,000 in United States currency which the defendant believed was derived from the sale of controlled substances.  The defendant exchanged the $50,000 in United States currency for monetary instructments including American Savings Bank and Bank of Hawaii cashier's checks, a Hawaii USA Federal Credit Union check, United States Postal Service money orders and Western Union and Traveler's Express money orders, which the defendant provided to the third party.  Over the four month period, the defendant and co-defendant Maria Barnes exchanged $150,000 in United States currency for monetary instruments.  By his actions, the defendant intended to disguise the nature,

5

source, and ownership of the proceeds which he believed to be derived from the distribution of controlled substances.

The defendant admits that he is a citizen of Trinidad and Tobago and further admits that he was deported from the port of Miami, State of Florida, United States of America on September 3, 1985. The defendant was arrested by the Internal Revenue Service on September 13, 2005, for money laundering and admits that on that date he had re-entered the United States after being deported and removed. The defendant admits that he did not apply with the Attorney General of the United States or with the Department of Homeland Security for permission to re-enter the United States.

9. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilt adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level

reduction in sentencing offense level pursuant to Guideline
§ 3E1.1(b)(2), if defendant is otherwise eligible.
The Defendant understands that notwithstanding its present
intentions, and still within the Agreement, the prosecution
reserves the rights (1) to argue to the contrary in the event of
receipt of new information relating to those issues, and (2) to
call and examine witnesses on those issues in the event that
either the probation office finds to the contrary of the
prosecution's intentions or the Court requests that evidence be
presented on those issues.

        11.  The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

        12.  The Defendant is aware that he has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence
within the maximum provided in the statute(s) of conviction or
the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in
exchange for the concessions made by the prosecution in this plea
agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

8

14.   The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15.   Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other

9

disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.    If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.    At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

10

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that he will fully cooperate with the United States.

a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the

11

prosecution requests him to testify, including, but not limited
to, any grand jury proceedings, trial proceedings involving
codefendants and others indicted later in the investigation, and
related civil proceedings.

b.    Defendant agrees to be available to speak with
law enforcement officials and to representatives of the United
States Attorney's Office at any time and to give truthful and
complete answers at such meetings, but he understands he may have
his counsel present at those conversations, if he so desires.

c.    Defendant agrees he will not assert any
privilege to refuse to testify at any grand jury, trial, or other
proceeding, involving or related to the crimes in this Indictment
or any subsequent charges related to this investigation, at which
the prosecution requests him to testify.

d.    Pursuant to § 1B1.8(a) of the Sentencing
Guidelines, the prosecution agrees that self-incriminating
information provided pursuant to this Agreement to cooperate will
not be used in determining the applicable guideline range, except
as may be provided in this Agreement and under § 1B1.8(b) of the
Sentencing Guidelines.

21.    In the event that the Defendant does not breach
any of the terms of this Agreement but the Court nonetheless
refuses to accept the Agreement after Defendant has made
statements to law enforcement authorities or representatives of

12

the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter.   Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22.   Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   Defendant understands that:

a.   The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.   This Agreement does not require the prosecution to make such a request or motion.

c.   This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

//

//

13

Guidelines or to impose a sentence below the minimum level established by statute.

DATED: Honolulu, Hawaii, ___March 2, 2006___ .

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

GEORGE CALLENDER
Defendant

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

MICHAEL J. PARK
Attorney for Defendant

THOMAS MUEHLECK
Assistant U.S. Attorney

14